UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Keasia Wright, <br><br> Plaintiff, <br><br> v. <br><br> Security Finance Corporation of Spartanburg, Possible Financial Inc. dba Possible Finance, Set Financial Corporation, Credit Central, LLC, Equifax Information Services, LLC, Experian Information Solutions, Inc.; and TransUnion, LLC, <br><br> Defendants. | **Complaint for a Civil Case** <br><br> Case No. 3:24-cv-6203-SAL |

## INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") whereby Plaintiff discovered inaccurate information reporting on Plaintiff's consumer credit report, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

## PARTIES

2. Plaintiff is, and was at all times hereinafter mentioned, a resident of Lee County, South Carolina.

3. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

4. Defendant, Security Finance Corporation of Spartanburg, (hereinafter "Security Finance") is a corporation existing and operating under the laws of the State of South Carolina and is a financial institution and a furnisher of consumer credit information to consumer reporting agencies.

5. At all times pertinent hereto, Security Finance was a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq.*

6. Defendant, Possible Financial Inc. dba Possible Finance, (hereinafter "Possible Finance") is a corporation existing and operating under the laws of the State of South Carolina and is a financial institution and a furnisher of consumer credit information to consumer reporting agencies.

7. At all times pertinent hereto, Possible Finance was a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq.*

8. Defendant, Set Financial Corporation (hereinafter "Set Financial") is a corporation existing and operating under the laws of the State of South Carolina and is a financial institution and a furnisher of consumer credit information to consumer reporting agencies.

9. At all times pertinent hereto, Set Financial was a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq.*

10. Defendant, Credit Central, LLC, (hereinafter "Credit Central") is a corporation existing and operating under the laws of the State of South Carolina and is a financial institution and a furnisher of consumer credit information to consumer reporting agencies.

11. At all times pertinent hereto, Credit Central was a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq.*

12. Defendant, Experian Information Solutions, Inc., ("Experian") is a credit reporting agency, licensed to do business in South Carolina.

13. Defendant, Equifax Information Services, LLC, ("Equifax") is a credit reporting agency, licensed to do business in South Carolina.

14. Defendant, TransUnion, LLC, ("Transunion") is a credit reporting agency, licensed to do business in South Carolina.

15. Defendant Experian, Equifax, and Transunion are, and at all times relevant hereto were, regularly doing business in the State of South Carolina.

16. Experian, Equifax, and Transunion are regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681d, to third parties.

17. Experian, Equifax, and Transunion furnish such consumer reports to third parties under contract for monetary compensation.

18. At all times pertinent hereto, Defendant Experian, Equifax, and Transunion were a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

## JURISDICTION AND VENUE

19. That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, the Fair Credit Reporting Act ("FCRA").

20. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and as the Plaintiff resides in and the injury occurred in Lee County, South Carolina and Defendants do business in South Carolina.

21. Personal jurisdiction exists over Defendants as Plaintiff resides in South Carolina, Defendants have the necessary minimum contacts with the state of South Carolina, and this suit arises out of specific conduct with Plaintiff in South Carolina.

## FACTUAL ALLEGATIONS

22. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants

3

Security Finance, Possible Finance, Set Financial, Credit Central, Experian, Equifax, and Transunion (collectively, "Defendants"), and has suffered particularized and concrete harm.

23. Experian, Equifax, and Transunion are three of the largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681a(f).

24. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

25. Experian, Equifax, and Transunion each have a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy."  15 U.S.C. §1681e(b).

26. After reviewing Plaintiff's consumer credit reports Plaintiff discovered a Security Finance account, account number ending 5933 (the "Security Finance Account") being reported in error – specifically the Security Finance Account is unknown to Plaintiff and believed to be the product of fraud.

27. After reviewing Plaintiff's consumer credit reports Plaintiff discovered a Possible Finance account, account number ending G4EBKTL (the "Possible Finance Account") being reported in error – specifically the Possible Finance Account is unknown to Plaintiff and believed to be the product of fraud.

28. After reviewing Plaintiff's consumer credit reports Plaintiff discovered a Set Financial account, account number ending 2196 (the "Set Financial Account") being reported in error – specifically the Set Financial Account is unknown to Plaintiff and believed to be the product of fraud.

29. After reviewing Plaintiff's consumer credit reports Plaintiff discovered a Credit Central account, account number ending 00001 (the "Credit Central Account") being reported in error – specifically the Credit Central Account is unknown to Plaintiff and believed to be the product of fraud.

30. After discovering the Security Finance Account, Possible Finance Account, Set Financial Account, and Credit Central Account (collectively the "Accounts") Plaintiff filed an

Identity Theft Affidavit with the Federal Trade Commission that listed the Accounts as fraudulent.

31. In August 2019, Plaintiff filed a police report with the City of Sumter Police Department after her vehicle was broken into and her personal belongings, including her bank card and driver's license, were stolen.

32. It was only after the August 2019 theft of Plaintiff's personal belongings that Plaintiff discovered the unknown Accounts on her consumer reports.

33. The inaccurate Accounts have become a permanent component of Plaintiff's credit profile and are reported to those who ask to review the credit history of Plaintiff.

34. The false information regarding the Accounts appearing on Plaintiff's consumer reports harms the Plaintiff because they do not accurately depict Plaintiff's credit history and creditworthiness.

35. The Accounts overstate Plaintiff's outstanding debt and number of delinquent accounts on Plaintiff's consumer reports.

**PLAINTIFF'S WRITTEN DISPUTE**

36. In August 2024 Plaintiff sent a written dispute to Experian ("Experian Dispute"), disputing the inaccurate information regarding the Possible Finance and Credit Central Accounts reporting on Plaintiff's Experian consumer report.

37. In August 2024 Plaintiff sent a written dispute to Equifax ("Equifax Dispute"), disputing the inaccurate information regarding the Security Finance and Credit Central Accounts reporting on Plaintiff's Equifax consumer report.

38. In August 2024 Plaintiff sent a written dispute to Transunion ("Transunion Dispute"), disputing the inaccurate information regarding the Security Finance, Possible Finance, Set Financial, and Credit Central Accounts reporting on Plaintiff's Transunion consumer report.

39. Despite the clarity and detail provided in the Experian Dispute, Equifax Dispute, and Transunion Dispute (together, the "Written Disputes"), the Accounts continued to appear

5

on Plaintiff's Equifax, Experian, and Transunion consumer report with a balance past due.

40. Despite a copy of Plaintiff's Identity Theft Affidavit being provided with Plaintiff's Written Disputes, the Accounts continued to appear on Plaintiff's Equifax, Experian, and Transunion consumer report.

41. Upon information and belief, Experian forwarded Plaintiff's Written Dispute to Defendants Possible Finance and Credit Central.

42. Upon information and belief, Possible Finance and Credit Central each received notification of Plaintiff's Written Disputes from Experian.

43. Upon information and belief, Equifax forwarded Plaintiff's Written Dispute to Defendants Security Finance and Credit Central.

44. Upon information and belief, Security Finance and Credit Central each received notification of Plaintiff's Written Disputes from Equifax.

45. Upon information and belief, Transunion forwarded Plaintiff's Written Dispute to Defendants Security Finance, Set Financial, Possible Finance, and Credit Central.

46. Upon information and belief, Security Finance, Set Financial, Possible Finance, and Credit Central each received notification of Plaintiff's Written Disputes from Transunion.

47. Security Finance did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying Account information with respect to the disputed information and the accuracy of the Security Finance Account.

48. Possible Finance did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying Account information with respect to the disputed information and the accuracy of the Possible Finance Account.

49. Set Financial did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying Account information with respect to the disputed information and the accuracy of the Set Financial Account.

50. Credit Central did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying Account information with respect to the disputed information and

the accuracy of the Credit Central Account.

51. Experian, Equifax, and Transunion did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Accounts.

52. Upon information and belief, Security Finance failed to instruct Equifax and Transunion to remove the false information regarding the Security Finance Account reporting on Plaintiff's consumer reports.

53. Upon information and belief, Possible Finance failed to instruct Experian and Transunion to remove the false information regarding the Possible Finance Account reporting on Plaintiff's consumer reports.

54. Upon information and belief, Set Financial failed to instruct Transunion to remove the false information regarding the Set Financial Account reporting on Plaintiff's consumer reports.

55. Upon information and belief, Credit Central failed to instruct Experian, Equifax, and Transunion to remove the false information regarding the Credit Central Account reporting on Plaintiff's consumer reports.

56. Experian, Equifax, and Transunion each employed an investigation process that was not reasonable and did not remove the false information regarding the Accounts identified in Plaintiff's Written Disputes.

57. At no point after receiving the Written Disputes did Security Finance, Possible Finance, Set Financial, Credit Central and/or Experian, Equifax, and Transunion communicate with Plaintiff to determine the veracity and extent of Plaintiff's Written Disputes.

58. Experian, Equifax, and Transunion relied on its own judgment and the information provided to them by Security Finance Possible Finance, Set Financial, and or Credit Central rather than grant credence to the information provided by Plaintiff.

59. Experian, Equifax, and Transunion published the false information regarding the Accounts to third parties.

**COUNT I – EXPERIAN, EQUIFAX, AND TRANSUNION**

**FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)**

60. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

61. After receiving the Written Disputes, Experian, Equifax, and Transunion failed to correct the false information regarding the Accounts reporting on Plaintiff's consumer reports.

62. Experian, Equifax, and Transunion each violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

63. As a result of this conduct, action and inaction of Experian, Equifax and Transunion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

64. Experian, Equifax, and Transunion's conduct, action, and inaction was willful, rendering Experian, Equifax, and Transunion liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

65. In the alternative, Experian, Equifax, and Transunion were each negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

66. Plaintiff is entitled to recover costs and attorneys' fees from Experian, Equifax, and Transunion, pursuant to 15 U.S.C. §1681n and/or §1681o.

**COUNT II – EXPERIAN, EQUIFAX, AND TRANSUNION**

**FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681(i)**

67. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

68. After receiving the Written Disputes, Experian, Equifax, and Transunion failed to

correct the false information regarding the Accounts reporting on Plaintiff's consumer reports.

69. Experian, Equifax, and Transunion violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

70. As a result of this conduct, action and inaction of Experian, Equifax, and Transunion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

71. Experian, Equifax, and Transunion's conduct, action, and inaction was willful, rendering Experian, Equifax, and Transunion liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

72. In the alternative, Experian, Equifax, and Transunion were each negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

73. Plaintiff is entitled to recover costs and attorneys' fees from Experian, Equifax, and Transunion pursuant to 15 U.S.C. §1681n and/or §1681o.

COUNT III – SECURITY FINANCE

(Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b))

74. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

75. After receiving the Written Disputes from Equifax and Transunion, Security Finance failed to correct the false information regarding the Security Finance Account reporting on Plaintiff's consumer report.

76. Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant Security Finance's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant Security Finance's representations to consumer credit reporting agencies, among other unlawful conduct.

77. As a result of this conduct, action, and inaction of Defendant Security Finance, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

78. Defendant Security Finance's conduct, action, and inaction was willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

79. In the alternative, Defendant Security Finance was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

80. Plaintiff is entitled to recover costs and attorney's fees from Defendant Security Finance pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

**COUNT IV– POSSIBLE FINANCE**

(Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b))

81. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

82. After receiving the Written Disputes from Experian and Transunion, Possible Finance failed to correct the false information regarding the Possible Finance Account reporting on Plaintiff's consumer report.

83. Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant Possible Finance's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant Possible Finance's representations to consumer credit reporting agencies, among other unlawful conduct.

84. As a result of this conduct, action, and inaction of Defendant Possible Finance, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

85. Defendant Possible Finance's conduct, action, and inaction was willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

86. In the alternative, Defendant Possible Finance was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

87. Plaintiff is entitled to recover costs and attorney's fees from Defendant Possible Finance pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

### COUNT V – SET FINANCIAL
### (Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b))

88. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

89. After receiving the Written Disputes from Transunion, Set Financial failed to correct the false information regarding the Set Financial Account reporting on Plaintiff's consumer report.

90. Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant Set Financial's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant Set Financial's representations to consumer credit reporting agencies, among other unlawful conduct.

91. As a result of this conduct, action, and inaction of Defendant Set Financial, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

92. Defendant Set Financial's conduct, action, and inaction was willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

93. In the alternative, Defendant Set Financial was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

94. Plaintiff is entitled to recover costs and attorney's fees from Defendant Set Financial pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

**COUNT VI – CREDIT CENTRAL**

(Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b))

95. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

96. After receiving the Written Disputes from Equifax, Experian, and Transunion, Credit Central failed to correct the false information regarding the Credit Central Account reporting on Plaintiff's consumer report.

97. Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant Credit Central's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant Credit Central's representations to consumer credit reporting agencies, among other unlawful conduct.

98. As a result of this conduct, action, and inaction of Defendant Credit Central, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

99. Defendant Credit Central's conduct, action, and inaction was willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

100. In the alternative, Defendant Credit Central was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

101. Plaintiff is entitled to recover costs and attorney's fees from Defendant Credit Central pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

C. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

D. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Dated:     October 28, 2024

*/s/ Aaron J. Kozloski*
Aaron J. Kozloski DCID 9510
Capitol Counsel, LLC
222A Turtle Trail
Leesville, SC 29070
Telephone: (803) 465-1400
scdoclaw@yahoo.com
Attorney for Plaintiff
